**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **UNITED STATES ex rel ENTERPRISE ROOFING & SHEET METAL COMPANY**<br>**1021 Irving Avenue**<br>**Dayton, Ohio 45419** | * | **Case No. 3:17-cv-00162**<br><br>**Judge ________________________** |
| **and** | * | **<u>COMPLAINT</u>** |
| **ENTERPRISE ROOFING & SHEET METAL COMPANY**<br>**1021 Irving Avenue**<br>**Dayton, Ohio 45419** | * | |
| **Plaintiffs.** | * | |
| **-vs-** | * | |
| **BRIGADIER CONSTRUCTION SERVICES, LLC.**<br>**8100 Grand Ave., Suite 200**<br>**Cleveland, OH 44104** | * | |
| **THE TRAVELERS COMPANIES**<br>**485 Lexington Avenue**<br>**New York, NY 10017** | * | |
| **Defendants.** | * | |

---

Plaintiffs, the United States of America for the use and benefit of Enterprise Roofing & Sheet metal Co., and Enterprise Roofing & Sheet Metal Co., (herein after referred to as "Enterprise"), state as follows:

## PARTIES AND JURISDICTION

1. Enterprise is an Ohio corporation with its principle place of business located in Montgomery County, Ohio, engaged in the business of installing roofing and sheet metal materials.

2. Defendant, Brigadier Construction Services, LLC (hereinafter "Brigadier Construction"), is an Ohio corporation with its principle place of business in Cleveland, Ohio engaged in the business of general contracting.

3. Defendant, Travelers, is a Connecticut surety company authorized to do business in the State of Ohio with its principle place of business in Hartford, Connecticut, at One Tower Square, Hartford, CT 06183.

4. This Court has subject matter jurisdiction pursuant to 28 USC §1331 and the provisions of the Miller Act, 40 USC §3133(b)(3)(B). The Court has supplemental jurisdiction of the Plaintiffs' State law claims pursuant to 28 USC §1337.

## VENUE

5. The contract at issue in this case, and the work provided, were performed and executed at Wright-Patterson Air Force Base in Montgomery County, Ohio. Venue therefore lies in the United States District Court for the Southern District of Ohio pursuant to 40 USC §3133(b)(3)(B) and 28 USC §1391(b)(2).

## FACTUAL ALLEGATIONS

6. Enterprise was a subcontractor for Brigadier Construction Services, LLC (hereinafter "Brigadier") on a contract to renovate the law office an acquisition facility F/20011 at the Wright Patterson Air Force Base. A true and accurate copy of said contract, number 201304-04 is attached hereto and incorporated completely herein as Exhibit "1".

7. Brigadier was the prime contractor on the above referenced project.

8. Pursuant to 40 USC §3133, Brigadier was required to provide a payment bond and performance bond with respect to the project.

9. Brigadier (as Principal) and The Travelers Companies (as Surety) executed a payment bond to the United States of America on the condition that if Brigadier promptly made payment to all persons having a direct relationship with Brigadier, or a subcontractor of Brigadier, for furnishing labor, materials, or both in the prosecution of the project, then the obligations of the bond shall be void, otherwise to remain in full force and effect, in accordance with the Miller Act.

10. On or about November 26, 2013, Enterprise entered into a Subcontract Agreement with Brigadier to provide labor and material to renovate the law office and acquisition facility in the total amount of $733,058.00 inclusive of change orders. A true and accurate copy of the contract between the parties is attached hereto and incorporated completely herein as Exhibit 1.

11. Enterprise furnished all labor and materials on the project in the Southern District of Ohio.

12. Enterprise completed its work under the contract on or about January 13, 2017.

13. As required by the subcontract, Enterprise submitted timely applications for payment and has sought payment from Brigadier for all materials and labor furnished.

14. Enterprise has not been paid by Brigadier for the outstanding balance of $56,191.00.

**COUNT ONE**
**THE MILLER ACT**

15. Plaintiffs reincorporate completely herein each of the allegations as stated above in ¶1 – 14 as if fully rewritten.

16. Between December 31, 2013 and January 13, 2017, Enterprise furnished labor and materials in carrying out the work provided for in the subcontract.

17. More than 90 days have elapsed from the date on which Enterprise last performed work or furnished materials to Brigadier on the project and the date on which Enterprise now brings this cause of action.

18. All statutory conditions have been met by Enterprise and Enterprise has complied with the requirements of the Miller Act for the perfection of a right of action against The Travelers Companies as surety under the bond.

**COUNT TWO**
**BREACH OF CONTRACT**

19. Plaintiffs reincorporate completely herein each of the allegations as stated above in ¶1 – 18 as if fully rewritten.

20. Enterprise has fulfilled its obligations under the subcontract and has provided Brigadier with all required applications for payment in compliance with the subcontract.

21. Brigadier has breached the subcontract by failing to pay Enterprise for labor and materials furnished on the project in the principal amount of $56,191.00, together with interest thereon.

**COUNT THREE**
**UNJUST ENRICHMENT**

22. Plaintiffs reincorporate completely herein each of the allegations as stated above in ¶1 – 21 as if fully rewritten.

23. This count is pled in the alternative if it is determined there is no contract for the amounts claimed in this Complaint.

24. Enterprise has not been paid in full for the work performed and for the improvements rendered to the project.

25. Enterprise has conferred a benefit upon Brigadier without receiving just compensation therefore.

26. Brigadier knowingly and voluntarily accepted Enterprise's work on the project.

27. By accepting the work performed by Enterprise and failing to make payment thereon, Brigadier has been unjustly enriched in an amount reasonably believed to exceed $56,191.00.

28. The reasonable value of the work for which Enterprise remains unpaid is $56,191.00.

**COUNT FOUR**
**OHIO PROMPT PAY ACT**

29. Plaintiffs reincorporate completely herein each of the allegations as stated above in ¶1 – 28 as if fully rewritten.

30. Under O.R.C. §4113.61(A)(1), it is presumed after subcontractors have submitted their invoices for final payment to a general contractor that the general contractor will then timely submit its own pay request to the owner of the project.

31. Enterprise timely submitted its applications for payment to Brigadier in compliance with the subcontract and timely requested payment from Brigadier for the materials and services furnished in the total amount of $56,191.00.

32. Upon information and belief, Brigadier has been paid in full by the government for the labor and materials Enterprise provided for the project.

33. Brigadier has violated the Ohio Prompt Pay Act by not timely paying Enterprise.

34. As a direct result, Enterprise has been damaged by Brigadier's failure to pay Enterprise in the total amount of $56,191.00, plus interest at the rate of 18% per annum, attorney fees and court costs, as provided for in the Ohio Prompt Pay Act.

**WHEREFORE**, Enterprise seeks relief against Brigadier and The Travelers Companies as follows:

**Under Count One** – Enterprise seeks judgment in its favor and against Brigadier and against The Travelers Companies under the Miller Act in the total amount of $56,191.00, together with post judgment interest and reasonable attorney fees;

**Under Count Two** – Enterprise seeks judgment in its favor and against Brigadier in the amount of $56,191.00 for breach of the parties' contract, together with post judgment interest, and reasonable attorney fees;

**Under Count Three** – Enterprise seeks judgment against Brigadier in the amount of $56,191.00, plus post judgment interest and costs of collection, including reasonable attorney fees; and

**Under Count Four** – Enterprise seeks judgment in its favor and against Brigadier in the total amount of $56,191.00, plus interest at the rate of 18% per annum, attorney fees and court costs, as provided for in the Ohio Prompt Payment Act, and for any other relief at law or equity which this Court deems just and proper.

Respectfully submitted,

*/s/ Michael W. Sandner*
Michael W. Sandner (0064107)
Pickrel, Schaeffer & Ebeling Co., LPA
2700 Kettering Tower
Dayton, Ohio 45423
P: (937) 223-1130 / F: (937) 223-0339
E-mail: msandner@pselaw.com
*Attorney for Plaintiff Enterprise Roofing & Sheet Metal Company*